IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JERALD FORTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 3:17-cv-424-WC ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION

## I. INTRODUCTION

On September 3, 2015, Jerald Forte ("Plaintiff") filed an application for a period of disability and disability insurance benefits, alleging that he became disabled on October 30, 2004. The application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[2] *See Chester v. Bowen*, 792

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill shall be substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review of that decision under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 18); Def.'s Consent to Jurisdiction (Doc. 17). Based on the court's review of the record and the parties' briefs, the court AFFIRMS the decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[3]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The burden of proof rests on the claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert

---

[4] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-seven years old on the date of the ALJ's decision. Tr. 14-25, 230. He completed two years of college and has past work experience as a desk clerk at an auto supply store and as a multi transport operator in the U.S. Army. Tr. 252-253. He alleged disability due to post-traumatic stress disorder ("PTSD"), lower back pain, obesity, onychomycosis, astigmatism, osteoarthritis, psychotic disorder, osteoarthrosis of the knee, traumatic brain injury, and rheumatoid arthritis. Tr. 251.

Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "did not engage in substantial gainful activity from his alleged onset date of October 30, 2004 through his date last insured of March 31, 2010[.]" Tr. 19. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "mild PTSD, mild depressive disorder, psychotic disorder not otherwise specified, alcohol abuse and cannabis abuse[.]" *Id*. At Step Three, the ALJ found that "through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments[.]" Tr. 20. Next, the ALJ articulated Plaintiff's RFC as follows:

> [T]hrough the date last insured, [Plaintiff] had the residual functional capacity to perform a full range of work at all exertional levels; however, mentally, the claimant was limited to performing simple, routine, repetitive type tasks. He was able to maintain concentration and persistence for up to 2-hour segments, and he was limited to only occasional interaction with co-workers and the public. He was unable to work in fast-paced or high production type work environments prior to his date last insured.

Tr. 22. At Step Four, based upon the testimony of a VE, the ALJ concluded that "[t]hrough the date last insured, [Plaintiff] was unable to perform any past relevant work." Tr. 23. At Step Five, based upon Plaintiff's age, education, work experience, and RFC, the ALJ concluded that "through the date last insured . . . there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." Tr. 24. Accordingly, the ALJ determined that Plaintiff "was not under a disability . . . at any time from October 30, 2004, the alleged onset date, through March 31, 2010, the date last insured[.]" Tr. 25.

## IV. PLAINTIFF'S ARGUMENT

Plaintiff presents four issues on appeal, which the court has restated as follows:

(1) Whether the ALJ erred by finding that Plaintiff failed to meet Listing 12.04;

(2) Whether the ALJ erred by failing to consider all of the relevant evidence;

(3) Whether the ALJ erred by assigning no weight to the opinion of a "health system specialist"; and

(4) Whether the ALJ erred by failing to give reasons for not giving the Department of Veterans Affairs ("VA") disability determination great weight.

Doc. 14 at 5.

## V. DISCUSSION

**1. Whether the ALJ erred by finding that Plaintiff failed to meet Listing 12.04**

First, Plaintiff argues that the "ALJ failed to consider how [his] inability to maintain employment and attend college affects his ability to perform basic mental demands of remunerative, unskilled work." Doc. 14 at 13. Plaintiff contends that, had the ALJ properly

evaluated his abilities, the ALJ would have found that he meets the requirements of Listing 12.04. *Id.* at 14.

In finding that Plaintiff did not meet the criteria of Listing 12.04, which relates to affective disorders, the ALJ found that Plaintiff "was able to obtain employment during the period at issue and attended community college. The medical record does not indicate the claimant suffered from any mental impairment which prevented him from engaging in work related activity on a sustained basis." Tr. 21. Plaintiff appears to take issue with this finding.

Plaintiff argues that the ALJ failed to consider evidence in the record showing that he had difficulty maintaining employment and that he eventually dropped out of college. Doc. 14 at 13. Although Plaintiff points to evidence that is arguably countervailing to the ALJ's finding, the ALJ in fact considered Plaintiff's past employment and educational history in significant detail. For example, the ALJ observed that, according to treatment notes in September 2005, Plaintiff was "attending school full time and 'making good grades.'" Tr. 20; 1836. In March 2006, he was "attending college [and] working 15-20 hours per week." Tr. 20; 1806. The ALJ observed that, in October 2008, Plaintiff was "working and had his own apartment." Tr. 20; 1760. Elsewhere in the decision, the ALJ noted that Plaintiff's "medical conditions were relatively benign prior to his date last insured" and cited as evidence the fact that Plaintiff attended community college, worked several part time jobs, and was in the inactive U.S. Army reserves until 2008. Tr. 23; 1759-1761. Plaintiff has not demonstrated that any of these findings were made in error.

Rather, Plaintiff argues that the fact that he had difficulty maintaining employment and dropped out of college should lead to a different result, that is, a finding of disability. Doc. 14 at 13. However, Plaintiff is essentially asking the court to reweigh the evidence and substitute its judgment for that of the ALJ, which is not the court's proper role. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Rather, the court "must defer to the [ALJ's] decision if it is supported by substantial evidence." *Id.* The ALJ reviewed the evidence pertaining to Plaintiff's employment and educational history and found that it did not demonstrate mental impairments that were incompatible with "engaging in work related activity on a sustained basis." Tr. 21. The court finds that substantial evidence supports the ALJ's conclusion.

To the extent that Plaintiff argues that he meets Listing 12.04, the court also finds this argument unavailing. Plaintiff bears the burden of demonstrating that he meets the criteria of a listed impairment at step three. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-137 (11th Cir. 2009). Plaintiff has not stated what criteria of the listing he believes he has met, nor has he pointed to evidence that would support a finding that he meets the listing. In fact, Plaintiff has not identified any evidence of mental limitations that are greater than those found by the ALJ. Despite the deficiencies of Plaintiff's arguments, the court has reviewed the ALJ's decision and the evidence of record, and finds that substantial evidence supports the ALJ's decision with respect to Listing 12.04. In addition to the ALJ's findings regarding Plaintiff's employment and educational history, the ALJ also noted that "no State agency psychological consultant concluded that a mental

8

listing was medically equaled in this case prior to the date last insured." Tr. 21. The ALJ found that Plaintiff had no more than moderate limitations of mental functioning, which are insufficient to satisfy the listing. The court finds that the record supports these conclusions. Accordingly, the court will not disturb the ALJ's conclusion that Plaintiff failed to meet Listing 12.04.

**2. Whether the ALJ erred by failing to consider all of the relevant evidence**

Second, Plaintiff argues that the ALJ failed to consider all of the relevant evidence and "'cherry picked' the record to identify only the records that would allow him to issue a decision that is unfavorable to [Plaintiff]." Doc. 14 at 11-12. Plaintiff's specific issue with the ALJ's decision again relates to the fact that he dropped out of college and had difficulty maintaining employment. *Id.* Plaintiff also contends that the ALJ did not adequately discuss his testimony related to a workplace altercation in which he choked a coworker to unconsciousness. *Id.* at 11; Tr. 1003. For the reasons discussed in more detail above, the court finds these arguments unavailing.

Moreover, it is not fatal to the ALJ's decision that he failed to discuss every piece of evidence submitted for consideration. *See Wilkinson v. Comm'r of Soc. Sec.*, 289 F. App'x. 384, 386 (11th Cir. 2008) ("ALJ was not required to list in detail every bit of evidence he relied on to reach [his] decision."); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."). The Court will not reverse "so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [this Court] to conclude

listing was medically equaled in this case prior to the date last insured." Tr. 21. The ALJ found that Plaintiff had no more than moderate limitations of mental functioning, which are insufficient to satisfy the listing. The court finds that the record supports these conclusions. Accordingly, the court will not disturb the ALJ's conclusion that Plaintiff failed to meet Listing 12.04.

**2. Whether the ALJ erred by failing to consider all of the relevant evidence**

Second, Plaintiff argues that the ALJ failed to consider all of the relevant evidence and "'cherry picked' the record to identify only the records that would allow him to issue a decision that is unfavorable to [Plaintiff]." Doc. 14 at 11-12. Plaintiff's specific issue with the ALJ's decision again relates to the fact that he dropped out of college and had difficulty maintaining employment. *Id.* Plaintiff also contends that the ALJ did not adequately discuss his testimony related to a workplace altercation in which he choked a coworker to unconsciousness. *Id.* at 11; Tr. 1003. For the reasons discussed in more detail above, the court finds these arguments unavailing.

Moreover, it is not fatal to the ALJ's decision that he failed to discuss every piece of evidence submitted for consideration. *See Wilkinson v. Comm'r of Soc. Sec.*, 289 F. App'x. 384, 386 (11th Cir. 2008) ("ALJ was not required to list in detail every bit of evidence he relied on to reach [his] decision."); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."). The Court will not reverse "so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [this Court] to conclude

that [the ALJ] considered [Plaintiff's] medical condition as a whole." *Id*. (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). Instead, the court will look to "whether the ALJ's conclusion as a whole was supported by substantial evidence in the record." *Id*.

Plaintiff's argument on this issue is sparse; however, the court has identified no legal error in the ALJ's consideration of the evidence of record, nor in his explanation of the decision. Therefore, the court finds that Plaintiff is not entitled to a remand with respect to this issue.

**3. Whether the ALJ erred by assigning no weight to the opinion of Avis Tidwell**

Plaintiff next argues that the ALJ erred by not assigning any weight to the opinion of Avis E. Tidwell, a "health system specialist" at the VA. Mr. Tidwell observed in a Compensation and Pension examination note that Plaintiff could not return to work due to PTSD. Doc. 14 at 5, 12; Tr. 23, 1775-1781. Plaintiff argues that the ALJ "committed error when he failed to further explain his reasons for discrediting the opinion of a treating source." Doc. 14 at 12. The ALJ considered the examination note from Mr. Tidwell, but found that he was "not an acceptable medical source and the limitations stated by Mr. Tidwell are not consistent with the medical record in this case." Tr. 23. The Commissioner argues that the ALJ appropriately considered the evidence from Mr. Tidwell. Doc. 15 at 4.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis,

10

what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). A consultative examiner's opinion is not entitled to the deference normally given a treating source. *See* 20 C.F.R. § 404.1527(c)(2); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (one-time examiner's opinion is not entitled to great weight). Nonetheless, the ALJ is to consider and evaluate all opinions, even those of non-treating state agency or other program examiners or consultants. *See* 20 C.F.R. § 404.1527.

Plaintiff is incorrect that Mr. Tidwell is a "treating source." Doc. 14 at 12. The ALJ correctly observed that Mr. Tidwell, who is a "health system specialist" and not a physician or psychologist, does not qualify as an "acceptable medical source" and cannot, therefore, offer a medical opinion entitled to controlling weight. *See* 20 C.F.R. § 404.1513(a) (identifying list of "acceptable medical sources" whose opinions may be considered in determining the existence of a medically determinable impairment). Instead, Mr. Tidwell's opinion is that of an "other" source, and cannot, alone, establish the existence of disability. *See* SSR 06-03p, 2006 WL 2329939, at *2 ("[O]nly 'acceptable medical sources' can give us medical opinions."). Although evidence from subjective, nonmedical, "other sources"

11

cannot establish a medically determinable impairment, it is appropriate to consider the evidence to show the severity of the impairment and how it affects a claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(a), (d).

Here, the ALJ plainly considered Mr. Tidwell's opinion and articulated reasons for discounting it. Tr. 23. Although the ALJ did not clearly indicate what weight he gave Mr. Tidwell's opinion, it is evident that he discounted the opinion because he concluded that it was "not consistent with the medical record." *Id.* As such, any failure by the ALJ to explicitly state what weight he assigned to Mr. Tidwell's opinion, or that he was rejecting the opinion altogether, does not warrant remand because the court is plainly able to "follow the adjudicator's reasoning." *See* SSR 06–03p ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning"); *see also De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014). Accordingly, the court finds that the ALJ's failure to explicitly state the weight he afforded to Plaintiff's "other source" evidence does not warrant reversal of the ALJ's decision.

Moreover, the court finds that the record supports the ALJ's decision to give Mr. Tidwell's opinion less than controlling weight. Mr. Tidwell opined that Plaintiff was not able to function at work or school, that he was isolated from friends, fought with his brother, and had flashbacks while driving. Tr. 1781. Although Mr. Tidwell discussed the nature of Plaintiff's impairments, he did not provide any assessment as to the severity of

12

Plaintiff's impairments or any resulting limitations other than the broad conclusion that Plaintiff was unable to work. *Id.* Opinions on some issues, such as whether a claimant is "disabled" or "unable to work," "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case, i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374183, at *2; *see also Hutchinson v. Astrue*, 408 F. App'x 324, 328 (11th Cir. 2011) (whether a claimant can hold a job is an administrative finding reserved to the ALJ, not a medical opinion). The court concludes that the ALJ's decision with respect to Mr. Tidwell's opinion is supported by substantial evidence and does not warrant remand.

### 4. Whether the ALJ erred in his assessment of Plaintiff's VA disability rating

Finally, Plaintiff argues that the ALJ erred by failing to properly consider his 100% VA disability rating. Doc. 14 at 5, 12-13. Plaintiff contends that the explanation given by the ALJ for discounting the VA rating was "very vague" and "boilerplate" and did "not provide an adequate explanation" for the ALJ's decision. *Id.* The Commissioner argues that the ALJ properly considered Plaintiff's VA disability rating and appropriately gave it little weight because it was "not reflective of Plaintiff's impairments during the period of time relevant to his claims [of disability]." Doc. 15 at 7.

SSA regulations provide that "a decision by any nongovernmental or governmental agency concerning whether an individual is disabled, based on that agency's own rules, does not constitute an SSA decision regarding whether that individual is disabled."

*Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (citing 20 C.F.R. § 404.1504). However, the Eleventh Circuit has explained that, although a VA disability rating is not binding on the Commissioner, it is evidence that must be considered and entitled to "great weight." *See, e.g.*, *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) ("Although the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given great weight.") (internal quotation marks and citation omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983) ("The findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight.") (citation omitted); *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) ("'A VA rating is certainly not binding on the [Commissioner], but it is evidence that should be considered and is entitled to great weight.'") (quoting *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)). Accordingly, an ALJ should give sufficiently specific reasons for discounting a VA disability determination. *See, e.g.*, *Harris v. Berryhill*, No. 1:15-cv-838-TFM, 2017 WL 4125256, at *5 (M.D. Ala. Sept. 18, 2017) (finding that the ALJ's reasons for discounting the plaintiff's VA disability rating "do not include the level of specificity required to demonstrate that he closely scrutinized the VA determination") (internal quotations omitted); *Dunham v. Colvin*, No. 2:15-cv-622-GMB, 2017 WL 253979, at * 3 (M.D. Ala. Jan. 19, 2017) (finding that the ALJ erred by giving the plaintiff's 100% service-connected disability rating 'little weight' for no reasons other than that the VA uses different criteria than the SSA to determine disability); *Zahnle v. Colvin*, No. 3:15-cv-1117-J-MCR, 2016 WL 4441592, at *2-3 (M.D. Fla. Aug. 23, 2016) (finding that the

ALJ "failed to meaningfully consider and address what parts of the VA disability determination he credited versus those he did not").

In this case, with respect to Plaintiff's VA disability rating, the ALJ found as follows:

> The medical record contains a VA disability rating report dated October 31, 2011, which shows that the claimant was given an 100% VA disability rating affective [*sic*] April 8, 2011 due to PTSD. The undersigned notes that this VA rating was given after the claimant's date last insured, and the conditions described in the VA rating were not previously noted in the medical record during the period of 2004 to 2010. The undersigned gave consideration to the claimant's VA disability rating dated October 31, 2011; however, because the VA and SSA criteria for determining disability are different, the undersigned may give less weight to a VA disability rating if there are persuasive, specific, and valid reasons for doing so. In this case, the undersigned gives little weight to the claimant's VA rating because the medical record does not support disability during the period prior to the claimant's date last insured.

Tr. 23.

The court concludes that the ALJ provided appropriate reasons to discount the VA disability rating. Contrary to Plaintiff's assertion that the ALJ's explanation was "vague, "boilerplate," or otherwise inadequate, the court finds that the ALJ provided cogent reasons for not giving great weight to the VA rating. While noting that the standards for disability differ between the VA and SSA, the ALJ primarily relied on the effective date of the VA's disability determination. Plaintiff's date last insured for disability benefits was March 31, 2010. Plaintiff's 100% VA disability rating decision was issued October 31, 2011—in other words, outside of the relevant period of disability. Tr. 240, 193-209.

15

This court has previously found that a lapse in time between the VA disability determination and a plaintiff's date last insured "is adequate reason for [an ALJ] declining to accord it significant weight." *Folks v. Astrue*, No. 2:08-cv-836-SRW (WO), 2010 WL 3892253, at *3 (M.D. Ala. Sept. 29, 2010) (citing *Dennett v. Astrue*, No. 08-97-B-W, 2008 WL 4876851, at *4-5 (D. Me. Nov. 11, 2008), report and recommendation adopted, 2008 WL 5103225 (D. Me. Dec. 4, 2008) ("[T]he VA [100% disability] rating decision [effective one year after plaintiff's date last insured] sheds no light on the plaintiff's condition prior to his date last insured.")); *see also Daniels v. Astrue*, No. 08-00399-CG-B, 2010 WL 610466, at *6 (S.D. Ala. Feb. 19, 2010) (finding that a 100% VA disability determination effective twenty months after the plaintiff's date last insured provided "no evidence that [p]laintiff experienced any functional limitations of any sort prior to his date last insured").

In this case, Plaintiff has failed to demonstrate that the ALJ erred in his consideration of a VA disability rating issued nineteen months after Plaintiff's date last insured. Accordingly, the court concludes that the ALJ appropriately considered the VA's determination of disability and assigned it the proper weight.

## VI. CONCLUSION

For all of the reasons given above, the undersigned Magistrate Judge concludes that the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 5th day of November, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE